UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.R., | § | |
|       **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01167 |
| | § | |
| BRAZOS COUNTY, TEXAS, | § | |
|       **Defendant.** | § | |

## DEFENDANT BRAZOS COUNTY'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant BRAZOS COUNTY ("Brazos County" or "the County") files this Motion to Dismiss Plaintiff's Original Complaint [Doc. #1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Brazos County would respectfully show the Court as follows:

## TABLE OF CONTENTS

I.  Statement Of The Nature and Stage of Proceedings ................................................... 1

II. Statement of Issues and Standard of Review ........................................................... 1
   A.  Statement of Issues. ................................................................................... 1
   B.  Standard of Review. .................................................................................. 1

III. Argument and Authorities .................................................................................... 3
   A.  Plaintiff fails to state a claim upon which relief can be granted against Brazos County .... 3
      (1)  *Monell* claim. ................................................................................ 3
      (2)  Fourteenth Amendment claim. ........................................................ 8
   B.  Conclusion. ............................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*Adames v. Perez*, 331 F.3d 508 (5th Cir. 2003)................................................................ 10, 11

*Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415 (5th Cir. 2017) .............................. 12

*Alvarez v. Akwitti*, 997 F.3d 211 (5th Cir. 2021) ...................................................................... 10

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001)................... 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 2, 3, 4, 8

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997)................................. 4, 5, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 2, 3

*Benfield v. Magee*, 945 F.3d 333 (5th Cir. 2019) .................................................................... 5, 6

*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). 4

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)....................................................... 3

*Brown v. Harris Cnty.*, 2010 WL 774138 (S.D. Tex. Mar. 2, 2010)........................................... 10

*Callegari v. Thomas,* 2006 WL 3448630, at *5 (S.D. Tex. Nov. 28, 2006), *aff'd*, 234 Fed. App'x
    327 (5th Cir. 2007) ............................................................................................................. 9

*Connick v. Thompson*, 563 U.S. 51 (2011) ........................................................................... 3, 4

*Covington v. City of Madisonville*, 812 Fed. App'x. 219 (5th Cir. 2020) .................................... 4

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015).................................................................. 4, 7

*Davidson v. City of Stafford,* 848 F.3d 384 (5th Cir. 2017)......................................................... 4

*Doe v. Harris Cnty.*, 2007 WL 1217979 (S.D. Tex. Apr. 23, 2007) .......................................... 10

*Estate of Henson v. Wichita Cnty.,* 795 F.3d 456 (5th Cir. 2015) ............................................. 10

*Farmer v. Brennan*, 511 U.S. 825 (1994) ......................................................................... 10, 11

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993)..................................... 3

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992) ......................................................... 5

*Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745 (5th Cir. 1993) ......................................... 5

*Gordon v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016)............................................................. 5

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) .............................................................................. 3

*Hartzog v. Hackett*, 711 F. App'x 235 (5th Cir. 2018) .............................................................. 6

*Harvey v. Montgomery Cnty, Tex.*, 881 F.Supp.2d 785 (S.D. Tex. Apr. 30, 2012) ...................... 7

*Holley v. Blomberg*, 142 F.Supp.3d 517 (S.D. Tex. 2015)......................................................... 8

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).................................................................. 2

*James v. Harris Cnty.*, 577 F.3d 612 (5th Cir. 2009) ................................................................ 5

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013).......................................................................... 2

*Leal v. Wiles*, 734 F. App'x. 905 (5th Cir. 2018) ............................................................... 10, 11

*Medina v. Ortiz*, 623 Fed. App'x. 695 (5th Cir. 2015) ............................................................... 9

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ............................... 3, 4, 5

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ............................... 2

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996)............................................................................. 2

*Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995)................................................................. 10, 11

*Newton v. Black*, 133 F.3d 301 (5th Cir. 1998) ...................................................................... 11

*Papasan v. Allain*, 478 U.S. 265 (1986) .................................................................................. 5

*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) ............................................. 4, 5

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009).................................................. 4, 7

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) .............................................. 3, 4, 5, 6

*Ratliff v. Aransas Cty., Texas*, 948 F.3d 281 (5th Cir. 2020)...................................................... 4, 9

*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) ...................................................... 7, 8

Sanchez v. Young Cnty., Tex., 866 F.3d 274 (5th Cir. 2017) ...................................................... 10

*Scott v. Moore*, 114 F.3d 51 (5th Cir. 1997) .............................................................................. 10

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019)........................................................................ 3

*Shepherd v. Dallas Cnty.,* 591 F.3d 445 (5th Cir. 2009) ........................................................... 10

*Stout v. LeBlanc*, 599 F. App'x 170 (5th Cir. 2015) ................................................................... 11

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002)................................................. 2, 3

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ............. 2

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010)............................................................... 4

*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011)...................................................................................................................... 7

*Williams v. Banks,* 956 F.3d 808 (5th Cir. 2020) ......................................................................... 6

**Statutes**

Fed. R. Civ. P. 12(b)(6)................................................................................................................ 1

Fed. R. Civ. P. 8(a)(2).................................................................................................................. 2

## I.      STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.      This lawsuit stems from the alleged assault of Plaintiff on or about October 8, 2022, while he was detained at the Brazos County Detention Center ("jail") in Bryan, Brazos County Texas [Doc. #1]. Plaintiff, who was seventeen years old at the time of his arrest on October 8, 2022, alleges that Brazos County violated his Fourteenth Amendment rights by failing to protect him from the violence of three other inmates [*Id.*]. Plaintiff also alleges a *Monell* claim against the County, including failure to train, supervise, and discipline claims [Doc. #1, ¶23].

2.      Based on the Original Complaint, Plaintiff's allegations against the County are nothing more than general, conclusory allegations and general conclusions of governmental liability. As such, Plaintiff has failed to state any viable claim upon which relief can be granted against Brazos County. The County, therefore, respectfully moves this Court to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6).

## II.      STATEMENT OF ISSUES AND STANDARD OF REVIEW

### A.      Statement of Issues.

3.      The issue to be ruled upon by the Court regarding the County is whether Plaintiff failed to state any claim upon which relief can be granted against Brazos County?

### B.      Standard of Review.

4.      If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming*, 281 F.3d at 161 (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

5.      Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

6.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See*

*Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also*

*Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the

elements of the cause of action in order to make out a valid claim").

7.    "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation

regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola

Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42

F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal

conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*,

296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir.

1993)).

### III.        ARGUMENT AND AUTHORITIES

**A.    Plaintiff fails to state a claim upon which relief can be granted against Brazos County**

   **(1) *Monell* Claim.**

8.    "[U]nder §1983, local governments are responsible <u>only</u> for 'their own illegal acts.'"

*Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City

Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be

"directly attributable to the [governmental entity] through some sort of official action or

imprimatur; isolated actions by [governmental] employees will almost never trigger liability."

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort

Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir.

2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e.,

Brazos County is not vicariously liable for its deputies' actions, even if unconstitutional. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

9.      To state a §1983 liability claim against Brazos County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020)(a plaintiff must "plead facts that plausibly support <u>each</u> element of §1983 municipal liability"). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 51 U.S. at 60; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985).  "[It] is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the [governmental entity]. The plaintiff must also demonstrate that, through deliberate conduct, the [governmental entity] was the moving force behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). Simply, a claim against the County cannot survive if the only alleged facts describe the event giving rise to the cause of action and nothing more. *See Ratliff*, 948 F.3d at 285; *Ashcroft*, 556 U.S. at 678.

10.      It is, therefore, crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiff, therefore, bears the burden of demonstrating that, through <u>deliberate</u> <u>indifference</u>, Brazos

County was the 'moving force' behind the injury alleged. *See Brown*, 520 U.S. at 404 (emphasis orig.); *James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

11.     Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but a decision by Brazos County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993); *Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).

12.     "In addition to culpability, [the pleadings must show] a direct causal link between [an identified] municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. Therefore, and for purposes of a Rule 12(b)(6) motion, "the plaintiff's description of a [governmental] policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena*, 879 F.3d at 622. The Court is "not bound to accept as true [a plaintiff's] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Benfield v. Magee*, 945 F.3d 333, 336-337 (5th Cir. 2019).

13.     Here, Plaintiff has not identified any specific, officially promulgated written policy statement, regulation or decision of Brazos County that allegedly caused a violation of his constitutional rights. In fact, Plaintiff does not allege any facts that a final policymaker of the

County (1) was aware of the facts from which an inference of substantial risk of serious harm could be drawn regarding any policy of Brazos County or BCSO; (2) that the final policymaker actually drew the necessary inferences; and (3) that the final policymaker's response indicates that he/she subjectively intended that harm occur. *See Hartzog v. Hackett*, 711 F. App'x 235, 235-36 (5th Cir. 2018) (internal citation omitted). Plaintiff's Original Complaint is nothing more than a recitation of legal conclusions without any supporting factual allegations, which the Court need not accept as true. *See Benfield*, 945 F.3d at 336-337.

14.     Even, if assuming *arguendo*, that Plaintiff met his pleading burden, which Brazos County denies, an officer's mere failure to follow an internal policy or regulation does not establish a constitutional violation for purposes of liability under §1983. *See Williams v. Banks,* 956 F.3d 808, 812 & n. 11 (5th Cir. 2020). Liability inures to Brazos County only when the execution of the County's governmental policy actually causes a constitutional violation and there is no such factual allegation in this case. *See Piotrowski*, 237 F.3d at 581. Brazos County, therefore, is entitled to insist Plaintiff identify a specific policy for which the County's policymaker could be held liable, and Plaintiff has failed to do so.

15.     Plaintiff also has not alleged a factual basis for a persistent or widespread practice of Brazos County officials that was so common and well-settled as to constitute a custom that fairly represents a county policy. Rather, he makes vague reference to two lawsuits against Brazos County involving denial of medical care and a list of jail standards violations without drawing any factual connections to the facts of the case at bar [Doc. #1, ¶¶31-40]. Simply, the vague references to dissimilar claims of unsubstantiated misconduct fail to allege facts to establish a pattern that equate to an official policy of Brazos County. "A pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather

must point to the specific violation in question." *Peterson*, 588 F.3d at 851; *see also Culbertson,* 790 F.3d at 629 (affirming dismissal of [government's] liability claim because allegations were limited to the events surrounding the plaintiff). Conclusory allegations are insufficient to establish the existence of an unwritten policy, practice or custom. *See Harvey v. Montgomery Cnty, Tex.*, 881 F.Supp.2d 785, 797 (S.D. Tex. Apr. 30, 2012); *see also Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Brazos County and his claims against the County should be dismissed as a matter of law.

16.     **Failure to Train, Supervise, and Discipline Claims**. Plaintiff generically contends that Brazos County is liable for failing to train, supervise, and discipline Brazos County Sheriff's Office ("BCSO") employees [Doc. #1, ¶23]. The standard for establishing liability for these claims is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

17.     **Training Claim.**  Other than pure speculation on the failure to train claim, Plaintiff has failed to identify any inadequacies or deficiencies in the training of any BCSO employee; failed to allege any facts to link the purported inadequate or deficient training to the alleged injuries suffered by Plaintiff; and failed to allege any facts to establish a pattern of similar incidents in which citizens have been injured as a result [Doc. #1, ¶23]. Again, threadbare allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted); *see also Hale*, 642 F.3d at 499 ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim"). Plaintiff, therefore, has failed to state a failure to train claim upon which relief can be granted against Brazos County

and such claim should be dismissed as a matter of law.

18.     **Supervision Claim.** With regards to the failure to supervise claim, Plaintiff has not identified a supervisory official of Brazos County that was involved in the events at issue in this lawsuit; has not alleged any facts that established a causal connection between the alleged failure to supervise and violation of his rights; and has not alleged any facts that the failure to supervise amounted to deliberate indifference to his rights. *See Roberts*, 397 F.3d at 292. Plaintiff only makes a general allegation of failure to supervise [Doc. #1, ¶23] and such is inadequate to prevent dismissal under Rule 12(b)(6). *See Taylor*, 296 F.3d at 378; *see also Hale*, 642 F.3d at 499. As a result, Plaintiff has failed to state a failure to supervise claim for which relief can be granted against Brazos County and such claim should be dismissed as a matter of law.

19.     **Discipline Claim.** Based on the Original Complaint, Plaintiff's failure to discipline claim is nothing more than a "naked assertions devoid of further factual enhancement" [Doc. #1, ¶23] and such is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678. Even if Plaintiff pleaded facts sufficient to establish a failure to discipline claim, which Brazos County denies, "post-event failure to discipline officers cannot supply the necessary linkage to establish a [County] policy. An after-the-fact failure to discipline illegal conduct is by itself no evidence of a before-the-fact policy of illegal conduct." *Grandstaff v. City of Borger, Tex.*, 779 F.2d 1129, 1132-1133 (5th Cir. 1986); *see also Holley v. Blomberg*, 142 F.Supp.3d 517, 530 (S.D. Tex. 2015) (internal citation omitted) ("after-the-fact inadequate investigation could not have been the legal cause of plaintiff's injury"). As a result, Plaintiff's discipline claim should be dismissed.

     **(2) Fourteenth Amendment Claims.**

20.     **Medical Care Claim.** Plaintiff appears to be making a denial of medical care claim under the Fourteenth Amendment [Doc. #1, ¶¶23, 44]. Plaintiff, therefore, must plead facts that plausibly

establish that an official policy or custom of Brazos County was the moving force or direct cause of the deprivation of his constitutionally protected right to reasonable medical care. *See Brown*, 520 U.S. at 403-404; *Ratliff*, 948 F.3d at 285; *Callegari v. Thomas*, No. 4:06- cv-2843, 2006 WL 3448630, at *5 (S.D. Tex. Nov. 28, 2006), *aff'd*, 234 Fed. App'x 327 (5th Cir. 2007). Here, Plaintiff fails to plead any facts that the County has a policy or custom of denying medical care and that such directly caused his alleged injuries [Doc. #1, ¶¶23, 44]. Nowhere in the Original Complaint does Plaintiff identify a pattern of similar occurrences, and therefore, cannot establish a policy or custom of constitutional violations. *See Medina v. Ortiz*, 623 Fed. App'x. 695, 700 (5th Cir. 2015) (emphasis added). Even if Plaintiff's allegations could be liberally construed to allege that a custom of tolerating denial of medical care to pretrial detainees existed at BCSO, Plaintiff has failed to allege that any County policymaker had actual or constructive knowledge that such a custom at BCSO or that any County official condoned or failed to correct such a practice as a matter of deliberate indifference. As a result, Plaintiff cannot state a plausible claim for relief against Brazos County for denial of medical care and such claim against the County must be dismissed as a matter of law.

21.     Moreover, the Original Complaint shows that medical care was given to Plaintiff after he informed staff of the events at issue [Doc. #1, ¶13]. Plaintiff, by his own admission, received medical care. Plaintiff, therefore, cannot state a plausible claim for relief against Brazos County for denial of medical care and such claim against the County must be dismissed as a matter of law.

22.     **Failure to Protect Claim**. "Constitutional challenges by pretrial detainees may be brought under two alternate theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Estate of Henson v. Wichita Cnty.,* 795 F.3d 456, 462 (5th Cir.

2015)(quoting *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 452 (5th Cir. 2009)). A condition of confinement is a claim against the municipality that involves a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997); *see also Sanchez v. Young Cnty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017). The complained of harm in an episodic acts or omissions claim, "is a particular act or omission of one or more officials." *Scott*, 114 F.3d at 53; *Shepherd,* 591 F.3d at 452.

23.    Here, Plaintiff's case should be analyzed as an episodic act or omission because Plaintiff alleges that he was harmed by the denial of adequate protection that was caused by inattention by BCSO staff [Doc. #1]. Plaintiff's harm was not caused by any County policy relating to intermittent visual surveillance, the intercom system or failure to segregate detainees based on type of offense because these conditions, by their very nature, will not cause an assault or sexual assault [Doc. #1, ¶23]. Further, the Southern District has treated §1983 cases involving inmate-to-inmate assault as episodic acts regardless of plaintiff's characterization. *See Doe v. Harris Cnty.*, No. 4:05-cv-03938, 2007 WL 1217979, at *6 (S.D. Tex. Apr. 23, 2007); *Brown v. Harris Cnty.*, No. 4:07-cv-0644, 2010 WL 774138, at *7 (S.D. Tex. Mar. 2, 2010).

24.    Plaintiff's episodic act or omission claim falls within the sub-category of "failure-to-protect claims." *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) . Jail officials have a duty to protect detainees from violence at the hands of other inmates. *See Leal v. Wiles*, 734 F. App'x. 905, 909 (5th Cir. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-834 (1994)); *see also Alvarez v. Akwitti*, 997 F.3d 211, 215 (5th Cir. 2021). "[Jail] officials are *not*, however, expected to prevent all inmate-on-inmate violence" *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834) and "are not  required to guarantee that no attack ever will occur." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).  Mere negligent failure to protect an inmate

from an assault or even sexual assault is not a constitutional violation. *See Stout v. LeBlanc*, 599 F. App'x 170, 171 (5th Cir. 2015) ("Mere negligence by officials in failing to protect a prisoner from an assault does not form the basis of a § 1983 claim"). Therefore, to state a viable claim for failure-to-protect, Plaintiff must show that he was subjected to conditions posing a substantial risk of serious harm and jail officials were deliberately indifferent to his need for protection. *See Leal*, 734 F. App'x at 909; *Newton*, 133 F.3d at 308; *Neals*, 59 F.3d at 533.

26.    A jail "official is deliberately indifferent if he or she <u>both</u> knows of an excessive risk of harm and disregards that risk." *Adames*, 331 F.3d at 512 (emphasis added). Thus, the jail official "must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. The Fifth Circuit has declined to find deliberate indifference where an official "*should have* inferred a risk to an inmate because the official <u>must actually</u> draw such an inference." *Adames*, 331 F.3d at 514 (emphasis added).

27.    Based on the Original Complaint, Plaintiff has not alleged a viable failure-to-protect claim under the Fourteenth Amendment. Other than pure speculation and conclusory allegations, there are no plausible factual allegations or evidence in the pleading tending to show that any BCSO officer was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed by placing Plaintiff in the same detention area with the three other involved inmates[1] and that such inference was drawn by the jail official(s). When stripped of his conclusory allegations and speculation, Plaintiff's failure-to-protect claim boils down to allegations that do not rise above simple negligence of BCSO officers. "Actions and decisions by [jail] officials that are merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference."

---

[1] Plaintiff does not have a protectable liberty or property interest in his custodial classification. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

*Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Plaintiff has, therefore, failed to allege any factual allegation that jail officials were deliberately indifferent to his safety. Accordingly, Plaintiff has failed to state a Fourteenth Amendment Due Process claim for failure-to-protect against Brazos County upon which relief can be granted and such must be dismissed as a matter of law.

**B.     Conclusion.**

28.     For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Brazos County. Accordingly, Brazos County is entitled to dismissal of Plaintiff's claims against the County as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant BRAZOS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claim against Brazos County, award the County its costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Respectfully submitted,

By:     _____

**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Fed. ID No. 18830
ljsimmons@germer.com
**Jennifer F. Callan**
State Bar No. 00793715
Fed. ID No. 22721
jcallan@germer.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANT**
**BRAZOS COUNTY, TEXAS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2023, a true and correct copy of the foregoing document was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure.

T. Dean Malone
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202

Jennifer F. Callan

13