UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.R., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:23-cv-01167 |
| v. | § | |
| | § | JURY DEMANDED |
| BRAZOS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**

1. **State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

   The parties conducted a telephone conference on July 20, 2023, to meet their Rule 26(f) requirements. Counsel continued discussions via email after completion of the telephone conference.

   Plaintiff A.R. was represented by Alexandra Payne (by telephone conference), Dean Malone, and Jennifer Kingaard of Law Offices of Dean Malone, P.C.

   Defendant Brazos County, Texas ("County"), was represented by Carmen Jo Rejda-Ponce and Tiffany Pham of Germer PLLC.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

   The State of Texas v. Devin Newton, Cause No. 22-04469-CRF-272, in the 272nd District Court of Brazos County, Texas, for Aggravated Sexual Assault, Aggravated Assault with Deadly Weapon, and Sexual Coercion, listing Plaintiff as the complaining witness.

   The State of Texas v. Fidel Sanchez, Jr., Cause No. 22-04471-CRF-272, in the 272nd District Court of Brazos County, Texas, for Aggravated Sexual Assault and Sexual Coercion, listing Plaintiff as the complaining witness.

   The State of Texas v. T. L.,[1] Cause No. 22-04475-CRF-272, in the 272nd District Court of Brazos County, Texas, for Aggravated Sexual Assault, listing Plaintiff as the complaining witness.

---

[1] T.L. was a minor at the time suit was filed, but he achieved majority in March 2023.

3. **Briefly describe what this case is about.**

   *Plaintiff*

   Plaintiff contends that Plaintiff, a minor at the time, was arrested and detained at the jail run by County on or about Saturday, October 8, 2022. Plaintiff had pending charges for misdemeanors, all of which were subsequently dismissed. In contravention of state minimum jail standards, no employee or agent of County conducted any checks of Plaintiff, or anyone else in the housing unit in which Plaintiff was incarcerated, during a period of over five hours on or about October 8, 2022. As a result, Plaintiff was brutally physically and sexually assaulted by other jail detainees Fidel Sanchez, Jr., Devin Ray Newton, and T. L. The three assailants have been indicted for the assaults and those cases are listed in Item No. 2, *supra*.

   *Defendant*

   The County denies the allegations and claims asserted against it. The County denies any and all liability. The County denies it violated any constitutionally protected right as alleged by Plaintiff and denies that it had any policy or custom that was the moving force behind any alleged violation of Plaintiff's constitutional rights. Further, the County contends Plaintiff's Complaint, as currently pled, fails to state a claim for which relief can be granted.

4. **Specify the allegation of federal jurisdiction.**

   The court has original subject matter jurisdiction over this lawsuit according to 28 U.S.C. § 1331 and 1343(4), because this suit presents a federal question and seeks relief pursuant to federal statute(s) providing for the protection of civil rights. This suit arises under the United States Constitution and 42 U.S.C. § 1983. The court has personal jurisdiction over County because it is a Texas county.

5. **Identify the parties who disagree and the reasons.**

   No parties disagree with the allegation of federal jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   *Plaintiff*

   Plaintiff will require discovery to determine whether additional parties should be included and anticipates being able to file any motion to add such parties no later than the date set forth in the proposed Scheduling and Docket Control Order.

   Plaintiff believes Defendant's *Carswell* argument has no merit.

*Defendant*

At this time, the County does not intend on adding additional parties.

In response to Plaintiff's statement here, the County contends that discovery should be stayed or limited pending Plaintiff's addition of other defendants. Under *Carswell*, any County employee or official (whether former or current) would be entitled to invoke the protections of qualified immunity, including protection from discovery until the immunity issue is ruled on by the Court. As *Carswell* makes clear, the discovery protection would also extend to the County. Therefore, Plaintiff should not be allowed to engage in gamesmanship and undermine the purpose and policy of *Carswell* by initially naming only the County as a defendant and then later adding individual defendants after discovery has been conducted and the protection of qualified immunity has been gutted.

In attempt to resolve this issue without Court intervention, the County has proposed engaging in limited written discovery until the expiration of the deadline to add parties. Plaintiff is opposed to this proposal. Therefore, the County intends on raising this issue with the Court during the Initial Conference set for August 4, 2023.

7. **List anticipated interventions.**

   The parties do not anticipate any interventions at this time.

8. **Describe class-action or collective-action issues.**

   The parties do not believe that there are any class or collective-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Neither party has made initial disclosures required by Rule 26(a). However, pursuant to Rule 26(a)(1)(C), initial disclosures must be made at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order.

   *<u>Plaintiff</u>*

   Plaintiff will make his initial disclosures no later than August 3, 2023, as required by Rule 26.

   Plaintiff does not agree there is a qualified immunity/discovery issue because there are no individual defendants named, and Defendant's *Carswell* argument has no merit.

*Defendant*

Based on the qualified immunity/discovery issue discussed in No. 6, the County intends on raising this issue with the Court during the Initial Conference set for August 4, 2023. The County proposes that the parties make their initial disclosures within two (2) weeks after the Initial Conference or after the Court's ruling on this preliminary discovery issue, whichever is later.

10. **Describe the proposed discovery plan, including:**

   A. **Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

      i. **What changes should be made in the timing, form, or requirements for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

         *Plaintiff*

         Plaintiff does not believe that there should be any changes made at the timing, form, or requirements for disclosures under Rule 26(a), and the parties shall make initial disclosures no later than August 3, 2023.

         Plaintiff does not agree there is a qualified immunity/discovery issue because there are no individual defendants named, and Defendant's *Carswell* argument has no merit.

         *Defendant*

         Based on the qualified immunity/discovery issue discussed in No. 6, the County intends on raising this issue with the Court during the Initial Conference set for August 4, 2023. The County proposes that the parties make their initial disclosures within two (2) weeks after the Initial Conference or after the Court's ruling on this preliminary discovery issue, whichever is later.

      ii. **the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

         *Plaintiff*

         Plaintiff anticipates discovery will be needed on the parties' relative claims and defenses, should be completed within six months of its initiation, and should not be conducted in phases or be limited to or focused on particular issues.

Plaintiff does not agree there is a qualified immunity/discovery issue because there are no individual defendants named, and Defendant's *Carswell* argument has no merit.

### *Defendant*

The parties anticipate discovery will be needed on their relative claims and defenses, including the potential qualified immunity defense that would be raised if any individual County officials or employees (former or current) are added as defendants.

Based on the qualified immunity/discovery issue discussed in No. 6 and Plaintiff's apparent intention to add other defendants (who would logically be either former or current County officials or employees), the County contends that discovery should be stayed or limited pending Plaintiff's addition of other defendants. The County intends on raising this issue with the Court during the Initial Conference set for August 4, 2023.

iii. **any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate issues about electronically stored information. Electronically stored information that can be produced in reports or printed form shall be produced as a printed report or a printed PDF if at all possible.

Electronically stored information may be produced by USB drive or online file-transfer at the preference of the producing party.

iv. **any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties foresee making routine claims of attorney-client, attorney-expert, and work product privileges concerning relevant discovery and do not foresee the need to seek materials subject to these privileges.

If any dispute as to the application of any privilege arises, the parties will confer in good and seek appropriate relief from the Court if necessary.

The circumstances of the case concern serious allegations of physical and sexual assault committed against a minor by alleged minor perpetrators, so there remains the possibility that either party may conclude that a confidentiality and protective order is necessary to avoid the release of materials in which an individual maintains a privacy interest.

   v. **what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

   *<u>Plaintiff</u>*

   Plaintiff requests an adjustment to the Rule 30(a)(2)(A) presumptive limit of ten depositions per side. Rule 30(a)(2)(A) and Rule 31(a)(2)(A) appear to limit the combined total number of depositions by oral examination under Rule 30 and depositions by written questions under Rule 31 to ten. Plaintiff requests that, in addition to ten depositions by oral examination under Rule 30, the Court permit each side ten depositions by written questions limited to the purpose of obtaining records and other evidence under Rule 31. Plaintiff also reserves the right to request additional depositions should more be warranted as the discovery process proceeds.

   Plaintiff does not agree there is a qualified immunity/discovery issue because there are no individual defendants named, and Defendant's *Carswell* argument has no merit.

   *<u>Defendant</u>*

   Should either party request discovery in addition to what is allowed under Rule 30(a)(2)(A) and Rule 31(a)(2)(A), the parties will confer in good faith and seek appropriate relief from the Court if necessary.

   Based on the qualified immunity/discovery issue discussed in No. 6 and Plaintiff's apparent intention to add other defendants (who would logically be either former or current County officials or employees), the County contends that discovery should be stayed or limited pending Plaintiff's addition of other defendants. The County intends on raising this issue with the Court during the Initial Conference set for August 4, 2023.

   vi. **any other orders that the court should issue under Rule 26(f) or under Rule 16(b) and (c).**

   The parties do not request any other orders that the court should issue under Rule 26(f) or under Rule 16(b) and (c).

**B.** **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to County within the first thirty days of the discovery period.

**C.** **When and to whom the defendant anticipates it may send interrogatories.**

County anticipates sending interrogatories to Plaintiff in sufficient time to require answers before the end of the applicable discovery period.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff requires written discovery responses to determine deponents, but Plaintiff intends to conduct most if not all of his depositions by remote means, such as by Zoom. Plaintiff anticipates taking depositions of at least the County, its employees and agents with knowledge of relevant facts, and County's retained expert witnesses.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

The County anticipates deposing Plaintiff. Depending on the progression of discovery, Defendant may also take the depositions of individuals identified in Plaintiff's Initial Disclosures, and of fact witnesses or other witnesses identified by the Parties, by the close of discovery. The County will also depose any expert witness designated by Plaintiff.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) by the date set forth in the proposed Scheduling and Docket Control Order.

The County anticipates being able to designate experts and provide reports by the date set forth in the proposed Scheduling and Docket Control Order and Federal Rule of Civil Procedure 26.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff requires discovery to determine necessary experts, but Plaintiff anticipates, at a minimum, that medical and mental health experts on both past injuries and mental anguish and future medical and/or mental health needs, and experts concerning the jail environment, will be necessary.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The County also requires discovery to determine any necessary experts. The County anticipates possibly retaining experts regarding jail policies and procedures. The County also anticipates designating rebuttal experts to the experts identified by Plaintiff.

  I. **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

  This case does not involve unincorporated entities.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

  *<u>Plaintiff</u>*

  With the modifications described herein, Plaintiff's believe discovery should be conducted according to the Rules and in accordance with the proposed Scheduling and Docket Control Order.

  Plaintiff does not agree there is a qualified immunity/discovery issue because there are no individual defendants named, and Defendant's *Carswell* argument has no merit.

  *<u>Defendant</u>*

  The County contends that discovery should be stayed or limited pending Plaintiff's addition of other defendants. Under *Carswell*, any County employee or official (whether former or current) would be entitled to invoke the protections of qualified immunity, including protection from discovery until the immunity issue is ruled on by the Court. As *Carswell* makes clear, the discovery protection would also extend to the County. Therefore, Plaintiff should not be allowed to engage in gamesmanship and undermine the purpose and policy of *Carswell* by initially naming only the County as a defendant and then later adding individual defendants after discovery has been conducted and the protection of qualified immunity has been gutted.

  In attempt to resolve this issue without Court intervention, the County has proposed engaging in limited written discovery until the expiration of the deadline to add parties. Plaintiff is opposed to this proposal. Therefore, the County intends on raising this issue with the Court during the Initial Conference set for August 4, 2023.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

  None.

13. **State the date the planned discovery can reasonably be completed.**

  *<u>Plaintiff</u>*

  Plaintiff believes that planned discovery can reasonably be completed by the date set forth in the proposed Scheduling and Docket Control Order.

  Plaintiff does not agree there is a qualified immunity/discovery issue because there are no individual defendants named, and Defendant's *Carswell* argument has no merit.

*Defendant*

Based on the qualified immunity/discovery issue discussed in No. 6 and Plaintiff's apparent intention to add other defendants (who would logically be either former or current County officials or employees), the County contends that discovery should be stayed or limited pending Plaintiff's addition of other defendants. The County intends on raising this issue with the Court during the Initial Conference set for August 4, 2023.

However, the parties have agreed to a discovery deadline in the proposed Schedule and Docket Control Order that would account for phased or limited discovery.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    Potential prompt settlement or resolution of the case requires an opportunity for Plaintiff to examine available insurance coverage and evidence to be produced with County's initial disclosures. Plaintiff expects that he might be in a position to make a settlement demand after a reasonable time to review such information.

    The County contends that mediation may be appropriate after the completion of some discovery, including written discovery and key depositions. The County is open to engaging in informal resolution discussions and coming to an agreement on a private mediator.

15. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

    The parties believe that mediation may be appropriate for this case, depending on, from Plaintiff's perspective, materials produced and described in response to Number 14 above.

    The County contends that mediation may be appropriate after the completion of some discovery, including written discovery and key depositions. The County is open to engaging in informal resolution discussions and coming to an agreement on a private mediator.

16. **Magistrate judges may hold jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand has been made.

18. **Specify the number of hours it will likely take to present the evidence in this case.**

    The parties currently believe that it will likely take 48 hours to present the evidence.

19. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

    The County filed a Motion to Dismiss [ECF 6] on April 20, 2023.  The response to this motion was filed June 22, 2023.  By stipulation, County will have until July 28, 2023, to file a reply.  This motion is anticipated to be fully briefed by the August 4 initial pretrial and scheduling conference.

20. **List other pending motions.**

    There are no other pending motions.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

    The parties agreed on most dates for the proposed scheduling order.  They only agreement not reached was on the first two events—the deadlines to add new parties and the to amend pleadings. The below dates are agreed upon:

    | February 16, 2024 | Plaintiff's Experts |
    |---|---|
    | March 22, 2024 | Defendant's Experts |
    | April 1, 2024 | Mediation |
    | May 10, 2024 | Completion of Discovery |
    | June 10, 2024 | Pretrial Dispositive Motion Deadline |
    | September 30, 2024 | Joint Pretrial Order and Motion in Limine Deadline |
    | October 21, 2024 | Docket Call |

    Plaintiff's proposal for the deadlines to add new parties and the to amend pleadings is:

    | January 26, 2023 | Motion to Add New Parties |
    |---|---|
    | January 26, 2023 | Motion for Leave to Amend Pleadings |

    The County's proposal for the deadlines to add new parties and the to amend pleadings is:

    | October 2, 2023 | Motion to Add New Parties |
    |---|---|
    | November 5, 2023 | Motion for Leave to Amend Pleadings |

    Plaintiff attaches as Exhibit A his proposed Scheduling and Docket Control Order, and the County attaches as Exhibit B its proposed Scheduling and Docket Control Order.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    All parties filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons by July 21, 2023.  Plaintiff filed the document on July 13, 2023.  Defendant filed the document on July 21, 2023.

**23.     List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

**Plaintiff is represented by:**

T. Dean Malone, Attorney-in-charge
Texas State Bar No. 24003265
Southern District of Texas Bar No. 37893
dean@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:       (214) 670-9904

Michael T. O'Connor
Texas State Bar No. 24032922
Southern District of Texas Bar No. 37991
michael.oconnor@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:       (214) 670-9904

Jennifer Kingaard
Texas State Bar No. 24048593
Southern District of Texas Bar No. 589455
jennifer.kingaard@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:       (214) 670-9904

Alexandra W. Payne
Texas State Bar No. 24118939
Southern District of Texas Bar No. 3799983
alexandra.payne@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:       (214) 670-9904

Shane Phelps
Texas State Bar No. 15907530
Southern District of Texas Bar No. 1128027
shane@shanephelpslaw.com
Shane Phelps Law
400 North Washington Avenue
Bryan, Texas 77803
Telephone:	(979) 775-4100
Telefax:	(979) 775-4300


**The County is represented by:**

Larry J. Simmons, Attorney-in-Charge
Texas State Bar No. 00789628
Southern District of Texas Bar No. 18830
ljsimmons@germer.com
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

Carmen Jo Rejda-Ponce
Texas State Bar No. 24079149
Southern District of Texas Bar No. 1366666
crejdaponce@germer.com
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

Tiffany U. Pham
Texas State Bar No. 24100495
Southern District of Texas Bar No. 3309872
tpham@germer.com
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

  /s/ Alexandra W. Payne          07/21/2023
Counsel for Plaintiff(s)        Date


  /s/ Carmen Jo Rejda-Ponce          07/21/2023
Counsel for Defendant(s)        Date